KM

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Abelardo Chaparro, | ) | No. CIV 05-241-PHX-DGC (CRP) |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| L.P.N. Lohmann, | ) ) | |
| Defendant. | ) ) | |
| | ) | |

On January 20, 2005, Plaintiff Abelardo Chaparro, presently confined in Arizona State Prison Complex-Douglas, filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to 42 U.S.C. § 1983. The Court dismissed Plaintiff's Complaint with leave to amend on May 9, 2005 (Doc. #4). After receiving an extension of time for filing an amended complaint, Plaintiff filed a First Amended Complaint ("Amended Complaint") on August 4, 2005.

**Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints and amended complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Plaintiff has raised claims that are legally "frivolous or malicious," that fail to

**TERMPSREF**

1  state a claim upon which relief may be granted, or that seek monetary relief from a
2  defendant who is immune from such relief.   28 U.S.C. § 1915A(b)(1), (2). The Court also
3  must dismiss a complaint or portion thereof if Plaintiff fails to exhaust any administrative
4  remedy available to him.  42 U.S.C. § 1997e(a).

5  **Amended Complaint**

6  　　　Named as Defendant to the Amended Complaint is "Exhibit 'a' under provider's
7  signature," Licensed Practical Nurse, Arizona State Prison Complex-Yuma, Cheyenne Unit.
8  The signature on Exhibit "a" appears to be that of L.P.N. Lohmann.  The Court will direct
9  the Clerk of the Court to reflect L.P.N. Lohmann as the Defendant in this action.

10  　　　Plaintiff's sole ground for relief is that Defendant refused to provide him with
11  emergency medical care in violation of the Eighth Amendment.   Plaintiff seeks money
12  damages.

13  　　　To state a § 1983 medical claim under the Eighth Amendment, Plaintiff must show
14  that Defendants acted with "deliberate indifference to his serious medical needs."  Estelle
15  v. Gamble, 429 U.S. 97, 106 (1976).  Deliberate indifference may occur if "prison officials
16  deny, delay or intentionally interfere with medical treatment."  Hutchinson v. United States,
17  838 F.2d 390, 394 (9th Cir. 1988).  A mere delay in medical care, without more, is insufficient
18  to state a claim against prison officials for deliberate indifference. Shapley v. Nevada Bd.
19  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).  Plaintiff must show the delay
20  in treatment was harmful.  Id.

21  　　　To state a claim of deliberate indifference, a plaintiff must allege that a specific
22  defendant, despite his knowledge of a substantial risk of serious harm to the plaintiff, failed
23  to take reasonable measures to abate the harm.  Farmer v. Brennan, 511 U.S. 825 (1994).
24  The alleged constitutional deprivation must be, "objectively, 'sufficiently serious'" i.e., the
25  official's act or omission must result in the denial of "the minimal civilized measure of life's
26  necessities." Id. at 834.  Further, the prison official must have a "sufficiently culpable state
27  of mind," i.e., he must act with deliberate indifference to inmate health or safety. Id.

28

1      In this case, Plaintiff alleges that he went to medical on a Saturday complaining of

2  a severe headache, dizziness, and vomiting after having suffered a neck injury two days

3  before.  Plaintiff states that Defendant refused to send Plaintiff to the hospital and told him

4  he would have to wait until Monday to see a doctor.  When Plaintiff refused to return to

5  his dorm, he was placed in isolation for eleven hours.  After shift change, a correctional

6  officer called an ambulance and Plaintiff was found to have suffered a stroke.

7      Plaintiff alleges that he repeatedly told Defendant he needed to go to the hospital

8  and that the severity of his condition was obvious, but that Defendant refused to call an

9  ambulance.  Plaintiff alleges that he suffered severe pain during the eleven hour delay, and

10  that because of the delay in treatment, he suffered physical injuries from the stroke which

11  lasted for several months.  Plaintiff further states that he continues to suffer memory loss.

12      Plaintiff has alleged facts sufficient to state a claim.  Accordingly, the Court will

13  require Defendant to answer the Amended Complaint.

14  **Rule 41 Cautionary Notice**

15      Plaintiff should take notice that if he fails to timely comply with every provision of

16  this Order, or any order entered in this matter, this action will be dismissed pursuant to

17  Rule 41(b) of the Federal Rules of Civil Procedure.  See Ferdik v. Bonzelet, 963 F.2d 1258,

18  1260-61 (9th Cir.) (district court may dismiss action for failure to comply with any order of

19  the Court), cert. denied, 506 U.S. 915 (1992).

20      **IT IS THEREFORE ORDERED** as follows:

21      (1) The Clerk of the Court is directed to list L.P.N. Lohmann as the Defendant in this

22  action, in place of Jane Doe;

23      (2) The Clerk of Court shall send Plaintiff a service packet including the Amended

24  Complaint (Doc. #9), this Order, and both summons and request for waiver forms for

25  Defendant Lohmann;

26

27

28

(3)  Plaintiff shall complete and return the service packet to the Clerk of Court within twenty (20) days of the date of filing of this Order.  The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order;

(4)  If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Amended Complaint on Defendant within one hundred twenty (120) days of the filing of the Complaint or within sixty (60) days of the filing of this Order, whichever is later, the action may be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2(b)(2)(B)(i);

(5)  The United States Marshal shall retain the Summons, a copy of the Amended Complaint, and a copy of this Order for future use;

(6)  The United States Marshal shall notify Defendant Lohmann of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.  The notice to Defendants shall include a copy of this Order.  The Marshal shall file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received.  If a waiver of service of summons is not returned by a Defendant within thirty (30) days from the date the request for waiver was sent by the Marshal, the Marshal shall:

(a)  Personally serve copies of the Summons, Amended Complaint (Doc. #9), and this Order upon the Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure;

(b)  Within ten (10) days after personal service is effected, file the return of service for the Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the Defendant.  The costs of service shall be enumerated on the return of service form (USM-285) and shall include the costs incurred by the Marshal for photocopying additional copies of the Summons, Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required.

1    Costs of service will be taxed against the personally served defendant pursuant to

2    Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise

3    ordered by the Court;

4    (7) **If Defendant agrees to waive service of the Summons and Amended Complaint,**

5    **the Defendant shall return the signed waiver forms to the United States Marshal, not the**

6    **Plaintiff;**

7    (8)    Defendant Lohmann shall answer the Amended Complaint (Doc. #9) or

8    otherwise respond by appropriate motion within the time provided by the applicable

9    provisions of Rule 12(a) of the Federal Rules of Civil Procedure;

10   (9)    Plaintiff shall serve upon Defendant, or if appearance has been entered by

11   counsel, upon counsel, a copy of every further pleading or other document submitted for

12   consideration by the Court.  Plaintiff shall include with the original document and copy, to

13   be filed with the Clerk of the Court, a certificate stating the date a true and correct copy of

14   the pleading or document was mailed to Defendant or counsel.  Any paper received by a

15   District Court Judge or Magistrate Judge which has not been filed with the Clerk of Court

16   may be disregarded by the Court;

17   (10) At all times during the pendency of this action, Plaintiff shall immediately advise

18   the Court and the United States Marshal of any change of address and its effective date.

19   Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS."  The notice shall

20   contain only information pertaining to the change of address and its effective date.

21   Plaintiff shall serve a copy of the notice on all opposing parties. The notice shall not

22   include any motions for any other relief.  Failure to file a Notice of Change of Address may

23   result in the dismissal of the action for failure to prosecute pursuant to Rule 41(b) of the

24   Federal Rules of Civil Procedure;

25   (11) A clear, legible copy of every pleading or other document filed shall accompany

26   each original pleading or other document filed with the Clerk for use by the District Judge

27

28

TERMPSREF                                        - 5 -

1   or Magistrate Judge to whom the case is assigned.  Failure to comply with this requirement

2   will result in the pleading or document being stricken without further notice to Plaintiff; and

3        (12)   This matter is referred to Magistrate Judge Charles R. Pyle pursuant to Local

4   Rules of Civil Procedure 72.1 and 72.2 for further proceedings.

5        DATED this 1st day of December, 2005.

 

                               David G. Campbell
                               United States District Judge