**JWB**

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Abelardo Chaparro, ) | No. CV 05-0241-PHX-DGC (CRP) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Mercedes Lohmann, et al., ) | |
| Defendants. ) | |

Before the Court is Defendants' Motion for Summary Judgment (Doc. # 47), Plaintiff's Response (Doc. # 52), and Defendants' Reply thereto (Doc. # 50). Also pending is Defendants' Motion to Strike Portions of Plaintiff's Affidavit (Doc. # 51). After careful review of the pleadings and record in this case, the Court will deny Defendants' motion to strike, grant Defendants' summary judgment motion, and dismiss this action with prejudice.

**I.     Background.**

Plaintiff filed this action on January 20, 2005, against Arizona Department of Corrections (ADC) employees Nurse Mercedes Lohmann and Physician's Assistant Richard Pratt (Doc. # 1). Plaintiff filed his Second Amended Complaint on January 25, 2007 and alleged that Lohmann and Pratt were deliberately indifferent to Plaintiff's serious medical needs by waiting twelve hours to transport Plaintiff to the hospital after he presented to the ADC's medical unit with a possible head injury (Doc. # 37 at 3-6).

Defendants move for summary judgment, arguing that (1) any delay in treatment to Plaintiff was not harmful and (2) neither Defendant was deliberately indifferent to Plaintiff's serious medical needs (Doc. # 47 at 9-10).

Plaintiff concedes that Defendants' recitation of the facts in their Motion for Summary Judgment is correct (Doc. # 52 at 3).  On Saturday January 31, 2004, at approximately 9.45 a.m., Plaintiff presented to the Cheyenne Unit's Medical Unit where Lohmann was the nurse on duty.  Plaintiff complained of dizziness, nausea, and vomiting.  Plaintiff explained that he had fallen and hurt his neck while playing volleyball two days earlier, on Thursday January 29, 2004.  Lohmann's examination of Plaintiff revealed swelling and tenderness at the base of his skull, elevated blood pressure, and normal pulse and temperature.  Lohmann contacted Pratt, the on-call physician's assistant to seek his opinion.  Pratt prescribed Nubain (a pain killer) and Vistaril (an anti-nausea medication) intramuscularly, a soft neck brace for support, ice packs, and rest.  Pratt scheduled Plaintiff to be seen by a physician on Monday February 2, 2004.  Plaintiff refused to return to his cell and Lohmann contacted Pratt again and obtained his permission to keep Plaintiff in the Central Detention Unit (CDU) for close observation.  Plaintiff slept in the CDU until just before dinner.  At approximately 8.30 p.m., Plaintiff was brought back to the medical unit where he was still dizzy and vomiting.  Plaintiff was then transferred to the Yuma Regional Medical Center where it was determined that Plaintiff had suffered a stroke a few days earlier.  Plaintiff was air-lifted to St. Mary's Hospital for treatment (Doc. # 47 at 3-7).

**II.     Legal Standard**

    **A.     Summary Judgement**

A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, that it believes demonstrate the absence of a genuine issue of material fact.  Celotex, 477 U.S. at 323; Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (*en banc*).  In assessing whether a party has met its burden, the court views the

1. evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles,
2. 66 F.3d 1052, 1056 (9th Cir. 1995). All reasonable inferences are drawn in favor of the
3. nonmovant. Gibson v. County of Washoe, 290 F.3d 1175, 1180 (9th Cir. 2002).
4.     If the moving party meets its burden with a properly supported motion, the burden
5. then shifts to the opposing party to present specific facts that show there is a genuine issue
6. for trial. Fed. R. Civ. P. 56(e); Auvil v. CBS "60 Minutes", 67 F.3d 816, 819 (9th Cir. 1995);
7. see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party presents
8. evidence that, taken by itself, would establish the right to a directed verdict at trial, the
9. motion for summary judgment must be granted in the absence of any significant probative
10. evidence tending to support the opposing party's theory of the case. First Nat'l Bank v.
11. Cities Serv. Co., 391 U.S. 253, 290 (1968); THI-Hawaii, Inc. v. First Commerce Fin. Corp.,
12. 627 F.2d 991, 993-94 (9th Cir. 1980). Conclusory allegations, unsupported by factual
13. material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d
14. 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise
15. provided by Rule 56, designate specific facts that show there is a genuine issue for trial.
16. Anderson, 477 U.S. at 249; Devereaux, 263 F.3d at 1076.

17.     **B.    Eighth Amendment.**
18.     In order to state a § 1983 claim for violation of the Eighth Amendment based on
19. inadequate medical care, a plaintiff must allege "acts or omissions sufficiently harmful to
20. evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97,
21. 106 (1976). Indications that a prisoner has a "serious" need for medical treatment include
22. the existence of an injury that a reasonable doctor or patient would find important and worthy
23. of comment or treatment, the presence of a medical condition that significantly affects an
24. individual's daily activities, and the existence of chronic and substantial pain. McGuckin
25. v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX
26. Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*).
27.     "[D]eliberate indifference to a prisoner's serious medical needs is the 'unnecessary
28. and wanton infliction of pain.'" Estelle, 429 U.S. at 104-05. An official is deliberately

1 indifferent if he both knows of and disregards an excessive risk to an inmate's health.
2 Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, to establish deliberate indifference, a
3 plaintiff must establish that the alleged harm was "sufficiently serious" and that the official
4 acted with a "sufficiently culpable state of mind." Id. at 834 (citing Wilson v. Seiter, 501
5 U.S. 294, 298, 302-3 (1991)). Mere negligence or medical malpractice does not establish a
6 sufficiently culpable state of mind. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th
7 Cir. 1980). But a prisoner does not have to prove that he was completely denied medical care
8 in order to demonstrate deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1132 (9th
9 Cir. 2000). Deliberate indifference may be shown when an official denies, delays, or
10 intentionally interferes with treatment or by the way that a medical professional provides
11 care. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). A difference of medical opinion
12 is insufficient to establish deliberate indifference. Toguchi v. Chung, 391 F.3d 1051, 1058
13 (9th Cir. 2004).

14 **III.   Motion to Strike.**

15 Defendants seek to strike portions of Plaintiff's affidavit as conclusory or providing
16 medical opinion. The Court can determine what is admissible evidence and what is not. The
17 Court will consider Plaintiff's averments to the extent that they are permitted by the Federal
18 Rules of Evidence. Defendants' motion will, therefore, be denied.

19 **IV.   Analysis.**

20 Defendants contend that they were not deliberately indifferent to Plaintiff's serious
21 medical needs. They specifically argue that (1) any delay in receiving treatment did not
22 cause Plaintiff harm and (2) neither Defendant was aware of and disregarded a substantial
23 risk of harm to Plaintiff (Doc. # 47 at 9).

24     **A.   Delay.**

25 Any delay in providing medical treatment does not constitute deliberate indifference
26 unless the delay was harmful. Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989)
27 (quoting Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)
28 (*per curiam*)); see Hallett v. Morgan, 296 F.3d 732, 746 (9th Cir. 2002) (the Eighth

1  Amendment is only violated if "delays occurred to a patient with problems so severe that
2  delays would cause significant harm that Defendants should have known this to be the
3  case"); Wood v. Housewright, 900 F.2d 1332, 1333-35 (9th Cir. 1990) (holding that a delay
4  of several days in receiving pain medication for a broken shoulder did not amount to a
5  constitutional violation). Although the harm need not be substantial, the seriousness of the
6  harm caused by the delay when the defendant could have acted to prevent the harm is
7  indicative of deliberate indifference. McGuckin, 974 F.2d at 1060.

8  In support of their argument that Plaintiff did not suffer any harm resulting from the
9  delay in this case, Defendants provide the affidavit of Dr. Francisco R. Valdivia, who
10 examined Plaintiff at St. Mary's Hospital on February 1, 2004 (Doc. # 48, Ex. 2). Dr.
11 Valdivia opines that the delay in transporting Plaintiff to the hospital did not result in any
12 worsening of his condition or cause any neurological damage (id. at ¶ 12).

13 Plaintiff contends that the pain he suffered during the twelve hour delay establishes
14 deliberate indifference (Doc. # 52 at 10; Doc. # 53 at ¶ 16). Plaintiff has not provided any
15 allegation, much less evidence, that he suffered any damage because he was not transferred
16 to the hospital until the evening of January 31. Moreover, any worsening of Plaintiff's
17 condition would most likely be attributable to Plaintiff's two-day delay in seeking medical
18 treatment, not the twelve-hour delay on January 31.

19 Taking Plaintiff's allegations as true, which the Court must do for the purposes of
20 summary judgment, Defendants' failure to recognize that Plaintiff's injuries required
21 hospitalization caused a twelve hour delay in Plaintiff being transferred to the hospital. But
22 there is no indication or evidence that this delay was harmful to Plaintiff. For this reason,
23 Defendants are entitled to summary judgment.

24 **B.    Deliberate Indifference.**

25 The Court also cannot conclude that either Defendant was deliberately indifferent to
26 Plaintiff's medical needs. The undisputed evidence reflects that both Lohmann and Pratt
27 listened to Plaintiff's concerns, treated him by giving him a pain reliever and anti-nausea
28 medication, and monitored him throughout the day. At most, Lohmann and Pratt were

- 5 -

negligent in not realizing that Plaintiff's injuries required immediate hospitalization. Plaintiff was transferred to the hospital when his condition did not improve. There is no evidence that either Defendant was aware of and disregarded a risk to Plaintiff's health. As such, there exists no genuine issue of material fact as to deliberate indifference on the part of Lohmann or Pratt. Summary judgment will be granted for Defendants.

**IT IS ORDERED**:

(1) Defendants' Motion to Strike (Doc. # 51) is **DENIED**.

(2) Defendants' Motion for Summary Judgment (Doc. # 47) is **GRANTED**.

(3) This action is dismissed with prejudice and the Clerk of Court is directed to enter judgment accordingly.

DATED this 7th day of December, 2007.

*David G. Campbell*
United States District Judge